UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. ALBERT A. LOPEZ<br>   *Plaintiff* | )<br>)<br>)<br>) |
| v. | )<br>) |
| MILO ST. JAQUES; SIMONE ABRAHAM;<br>RASIER, LLC; and<br>UBER TECHNOLOGIES, INC.<br>   *Defendants* | )<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") (collectively "Defendants") hereby give notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Middlesex County, captioned *Dr. Albert A. Lopez v. Milo St. Jaques et al.,* Civil Docket No. 1981CV03869, to the United States District Court for the District of Massachusetts. As grounds for removal, Defendants state as follows:

  1.  Defendants remove this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

**BACKGROUND**

2. On or about December 30, 2019, Plaintiff Dr. Albert Lopez ("Plaintiff") filed a complaint ("Complaint") in the Massachusetts Superior Court for Middlesex County naming Uber and Rasier as defendants, among others. Plaintiff's Complaint is attached hereto as **Exhibit A**.

3. Plaintiff alleges in his Complaint that he sustained injuries on September 2, 2017 when he collided with a motor vehicle operated by the defendant Milo St. Jaques ("St. Jaques"), who Plaintiff alleges was an agent, servant, or employee of Defendants. *Id*., pp. 1-2.

4. Plaintiff alleges that he suffered bodily injury and asserts negligence, vicarious liability, and negligent selection of contractor against Defendants. *Id*., pp. 6-9.

**TIMELINESS OF REMOVAL**

5. Defendants were served with Plaintiff's Complaint on or about January 29, 2020.

6. This Notice of Removal is timely because it is filed within 30 days after the receipt by Defendants, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

7. Complete diversity of citizenship exists in this matter because Defendants are citizens of different States from Plaintiff. *See* 28 U.S.C. § 1332(a).

8. Plaintiff alleges that he is an individual residing in Jacksonville, Duval County, Florida. Thus, for the purpose of determining whether diversity jurisdiction exists, Plaintiff is a citizen of Florida.

9. At the time of the filing of the Complaint, Uber was, and currently is, a corporation formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Uber is a citizen of Delaware and California.

10. At the time of the filing of the Complaint, Rasier was, and currently is, a limited liability company formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Rasier is a citizen of Delaware and California. Affidavit of James Molito is attached hereto as **Exhibit B**.

11. Plaintiff alleges that the defendants St. Jacques and Simone Abraham ("Abraham") reside in the Commonwealth of Massachusetts. However, upon information and belief, St. Jaques and Abraham have not been served. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). But the statute "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under § 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-707 (2d Cir. 2019); s*ee also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (plain meaning of the statute precludes removal only when the defendant has been properly joined and served). As such, "[i]f a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum

defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013).

12. There is complete diversity between Plaintiff and Defendants, who have been properly joined and served, because Plaintiff and Defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to his Complaint, Plaintiff "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition."

14. Plaintiff's Civil Action Cover Sheet contains detailed itemizations of Plaintiff's claimed damages in excess of $200,000. Specifically, Plaintiff's medical expenses are allegedly in excess of $50,000 and his lost wages are allegedly in excess of $100,000. Thus, it is apparent from the Complaint and the Civil Action Cover Sheet that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

15. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendants are filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

16. Pursuant to 28 U.S.C. § 1446(a), Defendants attach all process, pleadings and orders that have been filed, served or received by Defendants in this action as **Exhibit C**.

17. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Middlesex County.

18. Defendants will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Middlesex County, as required by 28 U.S.C. § 1446(d).

19. In removing this action, Defendants do not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

20. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendants Uber Technologies, Inc. and Rasier, LLC respectfully request that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

Respectfully submitted by,
Defendants
UBER TECHNOLOGIES, INC. and
RASIER, LLC
By their attorneys,

/s/ Christopher G. Betke

_____
Christopher G. Betke, BBO# 552588
Lesley P. Chuang, BBO# 685698
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
cbetke@coughlinbetke.com
lchuang@coughlinbetke.com

Dated: January 30, 2020

## CERTIFICATE OF SERVICE

I, Christopher G. Betke, hereby certify that on January 30, 2020, the foregoing Notice of Removal was filed electronically and served by mail, postage prepaid upon the parties listed below. Notice of the filing will be sent by email to all by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's ECF system.

Anthony Tarricone, Esq.
Joseph P. Musacchio, Esq.
Kreindler & Kreindler LLP
855 Boylston Street
Boston, MA 02116

Arthur Hernandez, Esq. (pro hac vice admission pending)
Law Offices of Arthur Hernandez, P.A.
4745 Sutton Park Court, Suite 711
Jacksonville, FL 32224

/s/ Christopher G. Betke
_____
Christopher G. Betke, Esq.