# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss**
                                             **SUPERIOR COURT**
                                             **CIVIL ACTION NO.: 19-3869**

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
DEC 30 2019
/CLERK

**DR. ALBERT A. LOPEZ,**

    Plaintiff,

v.

**MILO ST. JAQUES, SIMONE ABRAHAM, RASIER, LLC, and UBER TECHNOLOGIES, INC.,**

    Defendants.

## COMPLAINT

This action arises out of an automobile accident that occurred in Boston, Massachusetts on September 2, 2017. On that date, a vehicle driven by an "Uber" driver struck the plaintiff, Dr. Albert Lopez, while he was lawfully in a crosswalk.

### THE PARTIES AND JURISDICTION

1. The plaintiff, Dr. Albert Lopez, is a resident of the Jacksonville, Florida, Duval County.

2. The defendant, Uber Technologies, Inc. (Uber), is a Delaware corporation with its principal place of business located at 1455 Market Street, 4th Floor, San Francisco, California. Uber is registered to conduct business in Massachusetts as a foreign corporation. (registration number 001086760).

3. The defendant, Raiser, LLC (Rasier), is a Delaware limited liability corporation with a principal place of business located at 1455 Market Street, 4th Floor, San Francisco,

1

California. Rasier is registered to conduct business in Massachusetts as a foreign limited liability corporation. (registration number 001116704).

4. Rasier is a wholly owned subsidiary of Uber. (Uber and Rasier will hereinafter be referred to collectively as "Uber").

5. The defendant, Milo St. Jaques, is an Uber driver who resides in Everett, Massachusetts, Middlesex County.

6. The defendant, Simone Abraham, is the owner of the vehicle driven by St. Jaques and resides in Middlesex County, Massachusetts.

7. Uber is an on-demand taxi hailing service that people with smartphones use to book transportation in vehicles privately owned and operated by Uber drivers.

8. Uber transacts business in Massachusetts by providing smartphone owners in Massachusetts with its on-demand digital network and application to connect riders to Uber drivers for the purpose of arranging and providing transportation and generating substantial revenue in Massachusetts through its purposeful activities in Massachusetts. The plaintiff's cause of action arose out of Uber's purposeful contacts with Massachusetts because, at the time of the accident, St. Jaques was operating his vehicle in his capacity as a vehicle for hire Uber driver. Therefore, Uber is subject to personal jurisdiction in Massachusetts.

**DEFENDANTS' ROLES IN TRANSPORTATION**

9. At all times material hereto, Defendant ST. JAQUES (UBER's driver) was a driver of a vehicle owned by Defendant ABRAHAM (owner of vehicle) and they were "vehicles for-hire" or motor passenger carriers operating under the authority of the United States

Department of Transportation ("USDOT") and a transportation network vehicle and driver under Massachusetts G.L. c. 159A1/2, § 1, et seq.

10. At all relevant times, the ABRAHAM/ST. JAQUES (UBER) vehicle was being operated under a lease to Defendants UBER and under the control and USDOT authority of Defendant UBER.

11. At all relevant times, Defendant ST. JAQUES (UBER's driver), was a professional "vehicle for hire" driver operating the (UBER) "vehicle for hire" in the course and scope of his employment with the Defendant UBER.

## THE CRASH

12. On or about the evening of September 2nd, 2017, Plaintiff, DR. ALBERT LOPEZ, was a pedestrian crossing, within the legal crosswalk at the intersection of Columbus Ave and West Newton Street, in Boston, Massachusetts, with his family.

13. At that time and place, Defendant ST. JAQUES (UBER's driver) operated a motor vehicle, while he was an agent or employee of Defendant UBER acting within the course and scope of his agency or employment with UBER when he collided with and ran over DR. ALBERT LOPEZ, from behind, who was lawfully in the pedestrian crosswalk.

14. At all relevant times, the Plaintiff, DR. ALBERT LOPEZ, was properly and lawfully a pedestrian in the crosswalk and did not contribute in any way to the crash or his injuries sustained.

15. Each defendant acted in a manner that either alone or combined with the actions of other defendants' acts of negligence, directly and proximately caused the crash and the resulting injuries to the Plaintiff.

16. As a direct and proximate result of the Crash, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent, and the Plaintiff will suffer the losses in the future. These losses, injuries and damages are jointly referred to herein as "Plaintiff's Damages".

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT MILO ST. JAQUES (UBER'S DRIVER)

The Plaintiff incorporates herein the allegations in paragraphs 1- 16.

17. Defendant ST. JAQUES had a duty to operate the "UBER vehicle for hire" in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles for hire.

18. Defendant ST. JAQUES committed numerous violations of multiple Massachusetts statutes concerning his operation of the vehicle-for-hire and was otherwise negligent in the operation of the vehicle, in one or more of, but not limited to, the following ways:

    a. Failing to comply with properly functioning brakes, braking systems, mufflers, horn, lights, audible warning systems, and other equipment; in compliance with safety standards while operating a motor vehicle in violation of Massachusetts General Law c. 90, §7;

    b. Failing to have a proper and valid driver's license while operating a motor vehicle for hire in violation of Massachusetts General Law c. 90, §8 and 12;

    c. By using or attempting to use a mobile telephone, hands-free mobile telephone or other mobile electronic device while operating such vehicle in violation of Massachusetts General Law c. 90, §12A;

    d. By attempting to use a mobile telephone, or any handheld device capable of accessing the internet, to manually compose, send or read an electronic message while operating a motor vehicle in violation of Massachusetts General Law c. 90, §13B(a);

4

    e. By failing to take proper precaution for the safety of other travelers and slow down upon approaching a pedestrian who is upon the traveled part of any way or crosswalk and not upon a sidewalk, in violation of Massachusetts General Law c. 90 §14;

    f. improperly changing lanes;

    g. driving carelessly;

    h. driving the UBER vehicle while distracted;

    i. driving the UBER vehicle while fatigued;

    j. having an unauthorized passenger in the UBER vehicle;

    k. failing to maintain control of the UBER vehicle;

    l. failing to take appropriate evasive action; and

    m. crashing into the Pedestrian Plaintiff, DR. ALBERT LOPEZ, from behind;

19. Defendant ST. JAQUES's negligent conduct in violation of UBER's policy, also violated state laws and federal regulations intended to protect and prevent crashes with Pedestrians like the Plaintiff, DR. ALBERT LOPEZ.

20. As a direct and proximate cause of Defendant MILO ST. JAQUES's negligence, DR. ALBERT LOPEZ suffered the following damages.

    a. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

    b. permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

    c. aggravation or activation of an existing disease or physical defect;

    d. pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    e. expenses of medical care and treatment in the past and in the future;

5

    f.   loss of wages and/or loss of earning capacity in the future;

21. All of these losses are continuing and/or permanent as Plaintiff, DR. ALBERT LOPEZ, will suffer or incur these injuries, expenses and impairment in the future.

## COUNT II

### NEGLIGENCE AGAINST DEFENDANT UBER

The Plaintiff incorporates herein the allegations in paragraphs 1-21.

22. Defendant UBER had a duty to ensure that its drivers and vehicles were reasonably competent and safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles. Furthermore, Defendant UBER had a duty to avoid the foreseeable harm of entrusting the "vehicle for hire" to an unsafe driver.

23. Defendant UBER breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a. Failing to verify and ensure that Defendant ST. JAQUES (UBER's Driver) operated the "vehicle for hire" in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

    b. Failing to properly train and instruct Defendant ST. JAQUES and its drivers on defensive driving, safe driving, proper following distance and proper lookout, especially for Pedestrians in crosswalks;

    c. Failing to perform or improperly performing background, driving record, physical fitness to drive and/or character investigations that would have revealed that Defendant ST. JAQUES was unfit to operate a commercial motor vehicle or "vehicle for hire";

    d. Hiring Defendant ST. JAQUES as an UBER Driver despite his bad driving record, which was or should have been known to Defendant UBER;

    e. Entrusting the "vehicle for hire" a dangerous instrumentality, to Defendant ST. JAQUES despite his bad driving record, which was or should have been known to Defendant UBER;

    f. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff, DR. ALBERT LOPEZ;

24. Defendant UBER's negligent conduct also violated laws intended to protect and prevent crashes with pedestrians like the Plaintiff.

25. As a direct and proximate cause of Defendant UBER's negligent conduct, DR. ALBERT LOPEZ suffered the following damages:

    a. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

    b. permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

    c. aggravation or activation of an existing disease or physical defect;

    d. pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    e. expenses of medical care and treatment in the past and in the future;

    f. loss of wages and/or loss of earning capacity in the future;

26. All of these losses are continuing and/or permanent as Plaintiff, DR. ALBERT LOPEZ, will suffer or incur these injuries, expenses and impairment in the future.

## COUNT III

### VICARIOUS LIABILITY AGAINST DEFENDANT UBER

The Plaintiff incorporates herein the allegations in paragraphs 1-26.

27. At all relevant times the UBER's "vehicle for hire" was and is a dangerous instrumentality being operated by the Defendant ST. JAQUES with Defendant UBER's knowledge and permission.

28. At all relevant times, Defendant ST. JAQUES was Defendant UBER's agent and employee, as defined in 39 CFR 390.5 and under Massachusetts common law, acting within the course

7

and scope of his employment, under the direct control and for the benefit of Defendant UBER.

29. Therefore, Defendant UBER is vicariously liable for Defendant ST. JAQUES, negligent operation of the "vehicle for hire".

30. As a direct and proximate cause of Defendant UBER's vicarious liability for ST. JAQUES' negligent conduct, DR. ALBERT LOPEZ suffered the following damages:

    a. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

    b. permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

    c. aggravation or activation of an existing disease or physical defect;

    d. pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    e. expenses of medical care and treatment in the past and in the future;

    f. loss of wages and/or loss of earning capacity in the future;

31. All of these losses are continuing and/or permanent as Plaintiff, DR. ALBERT LOPEZ, will suffer or incur these injuries, expenses and impairment in the future.

## COUNT IV

### NEGLIGENT SELECTION OF A CONTRACTOR MILO ST. JAQUES AGAINST DEFENDANT UBER

The Plaintiff incorporates herein the allegations in paragraphs 1-31.

32. Defendant UBER had a duty to exercise reasonable care to employ competent and careful vehicle owners and drivers to transport its passengers on the roadways.

33. Defendant UBER breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

8

    a. employing the Defendant ST. JAQUES and Defendant ABRAHAM (vehicle owner) without conducting an investigation into their skill, fitness, competence and/or safety record, which would have revealed that Defendant JAQUES was, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and unsafe equipment;

    b. employing Defendant ST. JAQUES and Defendant ABRAHAM, despite them being unskilled, unfit, incompetent and having a record of dangerous behavior and unsafe equipment, all of which was or should have been known to Defendant UBER.

34. As a direct and proximate cause of Defendant UBER's negligent conduct, DR. ALBERT LOPEZ suffered the following damages:

    a. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

    b. permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

    c. aggravation or activation of an existing disease or physical defect;

    d. pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    e. expenses of medical care and treatment in the past and in the future;

    f. loss of wages and/or loss of earning capacity in the future;

35. All of these losses are continuing and/or permanent as Plaintiff, DR. ALBERT LOPEZ, will suffer or incur these injuries, expenses and impairment in the future.

## COUNT V

### NEGLIGENCE OF DEFENDANT SIMONE ABRAHAM, VEHICLE OWNER

The Plaintiff incorporates herein the allegations in paragraphs 1-35.

36. Defendant SIMONE ABRAHAM, as VEHICLE OWNER had a duty to ensure that her drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of any of her vehicles. Further,

9

Defendant ABRAHAM had a duty to avoid the foreseeable harm of entrusting her vehicle to an unsafe driver such as Defendant ST. JAQUES.

37. Defendant ABRAHAM breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to verify and ensure that Defendant ST. JAQUES, operated the vehicle in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

   b. Failing to properly train and instruct Defendant ST. JAQUES on defensive driving, safe driving, proper following distance and proper lookout;

   c. Failing to perform or improperly performing background, driving record, physical fitness to drive and/or character investigations that would have revealed Defendant ST. JAQUES, was unfit to operate a commercial motor vehicle;

   d. Hiring Defendant ST. JAQUES despite his bad driving record, which was or should have been known to Defendant ABRAHAM;

   e. Entrusting the vehicle, a dangerous instrumentality, to Defendant ST. JAQUES despite his bad driving record and his incompetence in driving a vehicle which was or should have been known to Defendant ABRAHAM;

   f. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicle and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff, DR. ALBERT LOPEZ;

38. Defendant ABRAHAM's negligent conduct also violated laws intended to protect and prevent crashes of drivers with people like the Plaintiff.

39. As a direct and proximate cause of Defendant ABRAHAM's negligent conduct, DR. ALBERT LOPEZ suffered the following damages:

   a. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

   b. permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

    c.    aggravation or activation of an existing disease or physical defect;

    d.    pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    e.    expenses of medical care and treatment in the past and in the future;

    f.    loss of wages and/or loss of earning capacity in the future;

40. All of these losses are continuing and/or permanent as Plaintiff, DR. ALBERT LOPEZ, will suffer or incur these injuries, expenses and impairment in the future.

## COUNT VI

### VICARIOUS LIABILITY AGAINST DEFENDANT SIMONE ABRAHAM, VEHICLE OWNER

The Plaintiff incorporates herein the allegations in paragraphs 1-40.

41. At all relevant times the vehicle was a dangerous instrumentality being operated by the Defendant ST. JAQUES with the Defendant ABRAHAM's knowledge and permission.

42. At all relevant times, Defendant ST. JAQUES was Defendant ABRAHAM's permissive user of the vehicle or agent and employee, as defined in 39 CFR 390.5 and Massachusetts common law, acting within the course and scope of his employment, under the direct control and for the benefit of the Defendant ABRAHAM.

43. Therefore, Defendant ABRAHAM is vicariously liable for Defendant ST. JAQUES' negligent operation of the vehicle.

44. As a direct and proximate cause of Defendant ABRAHAM's vicariously liable for Defendant ST. JAQUES' negligent operation of the vehicle, DR. ALBERT LOPEZ suffered the following damages:

    a.    Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

    b.    permanent injury within a reasonable degree of medical probability other than scarring

or disfigurement;

c. aggravation or activation of an existing disease or physical defect;

d. pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

e. expenses of medical care and treatment in the past and in the future;

f. loss of wages and/or loss of earning capacity in the future;

g. All of these losses are continuing and/or permanent.

45. All of these losses are continuing and/or permanent as Plaintiff, DR. ALBERT LOPEZ, will suffer or incur these injuries, expenses and impairment in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant SIMONE ABRAHAM, VEHICLE OWNER's, Defendant MILO ST. JAQUES, and Defendant UBER for all damages permitted by the applicable state law, including any attorneys' fees, reasonable costs, and prejudgment interest and post-judgment interest.

## TRIAL BY JURY

The Plaintiff respectfully demands a trial by jury of all issues and counts so triable herein.

Dated this 19th day of December, 2019.

By his attorneys,

_____
Anthony Tarricone
atarricone@kreindler.com
Joseph P. Musacchio
jmusacchio@kreindler.com
KREINDLER & KREINDLER LLP
855 Boylston Street
Boston. MA  02116
Telephone: 617-242-9100
Facsimile: 617-424-9120

and,

_____
Arthur Hernández,
*(pending pro hac vice admission)*
arthur@arthurhernandez.com
LAW OFFICES OF ARTHUR HERNÁNDEZ, P.A.
4745 Sutton Park Court, Suite 711
Jacksonville, FL 32224
Telephone: 904-389-6989
Facsimile: 904-389-6990