# EXHIBIT H



KREINDLER & KREINDLER LLP | 855 Boylston Street | Boston, MA 02116-2688
office: 617-424-9100 | fax: 617-424-9120 | www.kreindler.com

February 3, 2020

*Via email and regular mail*

Lesley P. Chung
Coughlin Betke LLP
175 Federal Street
Boston, MA  02110

Re:   Lopez v. Uber Technologies, Inc., et al.  (Superior Court Civil Action No.: 19-3869).

Dear Ms. Chung:

The purpose of this letter is to request that you immediately withdraw your notice of removal that you filed at 4:00 p.m. on January 30, 2020 in the *Lopez* matter.  This notice of removal is nothing more than gamesmanship calculated to wrongfully deprive the plaintiffs of his chosen forum. Specifically, Uber claims that removal based on diversity of citizenship is proper because, at the time it filed its notice of removal, the two Massachusetts defendants had not been "properly joined and served" and, therefore, the "forum defendant" rule set forth in §1441(b)(2) does not apply. The following chronology demonstrates Uber's calculated manipulation of the rules to achieve a dishonest result:

- On December 23, 2019, attorney Christopher Betke emailed plaintiff's counsel stating that he was aware that the plaintiff planned to file the Lopez action in Massachusetts court and that he was agreeable, "as a courtesy", to accept service of the summons and complaint. He further stated that he did not represent and would not accept service for the individual Massachusetts defendants.

- On December 30, 2019, the plaintiff filed his complaint in Massachusetts Superior Court.

- On January 27, 2020, attorney Betke again emailed plaintiffs' counsel stating that, "I have not heard anything in response to the below [December 23, 2019] email.  Please advise."

- On January 29, 2020, this office emailed to attorney Betke a copy of the summons and complaint that had been filed in Superior Court and thanked him for agreeing to accept service.

- On the same day, January 29, this office sent the summons and complaint to the process server for service on the Massachusetts individual defendants.

- The next day, on January 30, the plaintiffs served the summons and complaint on the Massachusetts defendants, Milo St. Jaques and Simone Abraham, at approximately 12:15-12:30 p.m.  (Exhibit A).

1

- Later that same day, January 30, 2020, at 4:00 p.m., Uber filed a notice of removal under 28 U.S.C. § 1441, falsely representing that "upon information and belief, St. Jaques and Abraham have not been served." (Document 1: Notice of Removal, at 3).[1]

- On the same day, January 30, 2020, your office emailed the notice of removal to my office after business hours at 6:13 p.m.

Before you filed your notice of removal, the two Massachusetts defendants had been served. (Exhibit A). You had no basis to conclude and represent to the Court that they had not been served before you filed your notice of removal. I suspect that you did nothing to confirm that service had not been made before you filed your notice of removal.

Your scheme is disingenuous and pure gamesmanship. Your office agreed to accept service and then, once served, you immediately filed your notice of removal, assuming that the plaintiff had not served the summons and complaint on the Massachusetts defendants before the notice was filed. District Court judges in this Circuit have expressed their disapproval of such tactics—so-called "snap removal"—as an abuse of the statutory rules for removal. *Gentile v. Biogen Idea, Inc.*, 934 F.Supp.2d 313, 320-321 (D.Mass. 2013); *Rizzi v. 178 Lowell Street Operating Co.*, 180 F.Supp.3d 66, 69-70 (D.Mass. 2016). What the Court ruled in *Rizzi* applies equally to your conduct:

> [T]he LLC [non-forum] defendants' removal of this case is reminiscent of the gamesmanship that Congress sought to address when it enacted § 1441(b)(2). In communication with plaintiff's counsel, defense counsel agreed to accept service solely on behalf of the [non-forum] LCC defendants. ... Counsel then proceeded to remove the case to federal court on the same day that service was accepted, before plaintiff had time to serve the individual [Massachusetts] defendants. Although § 1441(b)(2) was intended to prevent forum shopping by plaintiffs, such tactics by defendants are disingenuous. *Id.* at 69.

Because this office made service prior to the filing of your notice of removal, your scheme has failed. Even if this office made service on the Massachusetts defendants after the filing of your notice of removal or had not even attempted to make service after the notice was filed, your attempt to avoid the "forum defendant" rule would still fail. The Court in *Rizzi* so ruled when disapproving of the same conduct you have employed in this case. *Id.* at 69-70.

Please note that the plaintiff could have filed a motion to remand and requested costs and attorneys' fees. See *Rizzi, supra* at 69-70 (indicating that the court would have imposed costs and attorneys' fees, but for the plaintiff's failure to make service on the Massachusetts defendants at any time after the disingenuous notice of removal). As a professional courtesy to you, we have decided not do so at this time. Instead, we request that you withdraw your notice of removal by the close of business tomorrow and take all necessary action, if any, to restore this case to the Superior Court docket. If not, we will promptly file a motion to remand and for costs and attorneys' fees.

---

[1] This office has confirmed with the Federal District Court's clerk that Uber filed its notice of removal at 4:00 p.m. on January 30, 2020.

Please respond to this request in writing or by email.

Very truly yours,

Joseph P. Musacchio

cc:    Arthur Hernandez

EXHIBIT A

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981-CV-03869

DR. ALBERT A. LOPEZ , PLAINTIFF(S),

V.

MILO St. JAQUES, SIMONE ABRAHAM, RASIER, LLC
AND UBER TECHNOLOGIES, IN DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO  Milo St. Jaques  . (Defendant's name)

**You are being sued.**   The Plaintiff(s) named above has started a lawsuit against you.  A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Middlesex Superior Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the
opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2.   **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a.   Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Supr Court, Woburn
   200 Trade Center (address), by mail or in person, **AND**
   Woburn, Mass

   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
   Joseph Muscacchio
   address: Kreindler & Kreindler, 855 Boylston St, Boston, MA 02116

3.   **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___January 29___, 2020 .

Michael A. Sullivan
Clerk-Magistrate

Note:  The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

Defendant:  Milo St. Jaques

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___January 30___, 20 _20_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): * and Civil Tracking Order by leaving true and attested copies thereof at the within named Milo St. Jaques' last and usual place of abode.  Said service was made at 29 Edith Avenue, Everett MA  02149.

Dated: ___January 30___, 20 _20_        Signature: _____
                                          Eric Randell, Constable
                                          Court Appointed Process Server

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

January 30 .     , 20_20_

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981 CV 03869

DR. ALBERT LOPEZ _____, PLAINTIFF(S),

V.

MILO St. JAQUES, SIMONE ABRAHAM, RASIER LLC
AND UBER TECHNOLOGIES, INC, DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO Simone Abraham ___. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days**. If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Sup Court, Woburn
        200 Trade Center (address), by mail or in person, **AND**
        Woburn MA
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: KREINDLER + KREINDLER, 855 BOULSTON STREET, BOSTON, MA 02116

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___January 29___, 20 20

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

Defendant:   Simone Abraham

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___January 30___, 20 20 , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): ✱ and Civil Tracking Order

By leaving true and attested copies thereof at the within named Simone Abraham's last and usual place of abode. Said service was made at 27 Edith avenue, Everett, MA  02149

Dated: ___January 30___ , 20 20        Signature: ___E. Randell___

Eric Randell, Constable
Court Appointed Process Server

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

January 30        , 20 20

**From:** carol@desrosiersassociates.com <carol@desrosiersassociates.com>
**Sent:** Monday, February 3, 2020 9:08 AM
**To:** Susan Russo <Srusso@kreindler.com>
**Subject:** RE: Process Service for 2 Summonses (Lopez v. St. Jaques et al - Middlesex Superior Court)

Good Morning Susan,

I followed up with the constable regarding the timing of the services.

He served the restaurant at 12:15 and the residence at 12:30pm.

Thank you,
Carol


Carol Goldsmith
The Constable Offices of Desrosiers & Associates, LLC
501 Cambridge Street, Suite 204
Cambridge, MA 02141
Tel: (857) 285-6901
Fax: (857) 285-6904

# *Please make sure all service requests are sent to info@desrosiersassociates.com