UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DR. ALBERT A. LOPEZ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-cv-10183-IT |
| | ) | |
| MILO ST. JAQUES; SIMONE ABRAHAM; | ) | |
| RASIER, LLC; and | ) | August 28, 2020 |
| UBER TECHNOLOGIES, INC. | ) | |
| *Defendants* | ) | |

**DEFENDANT UBER TECHNOLOGIES, INC,'S**
**RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENT PRODUCTION**

Defendant Uber Technologies, Inc. ("Defendant" or "Uber") responds to Plaintiff Albert A. Lopez's ("Plaintiff") Requests for Production of Documents. The objections and responses set forth herein are based upon information presently available and Defendant reserves the right to supplement its responses.

Defendant reserves all objections to the admissibility of any information or documents supplied herein until the trial in this matter. The fact that Defendant supplied the information herein, and the fact that Defendant identified, referred to or provided any document herein, does not constitute any admission by Defendant that such information or document is relevant, material, admissible in evidence or reasonably calculated to lead to the discovery of admissible evidence in this litigation. By responding to these requests, Defendant does not acknowledge or concede the truth or accuracy of any characterization, allegation or statement made in the responses. Defendant

1

reserves the right to object to further inquiry with respect to the subject matter of any request or document or the use of any information or documents contained herein for any purpose.

## GENERAL OBJECTION

Defendant objects to the definitions and instructions in Plaintiff's requests to the extent that they seek to impose obligations beyond those set forth by the Federal Rules of Civil Procedure. Defendant responds to these requests giving each term its usual, customary and ordinary meaning, and in accordance with the scope of discovery mandated by the Federal Rules of Civil Procedure.

## REQUEST NO. 1

Copy of Uber's FEI/EIN or Employer Tax ID Number and to the legal address to where this FEI/EIN was registered to.

## RESPONSE NO. 1

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: 45-2647441. 1455 Market Street, 4th Floor, San Francisco, CA 94103.

**REQUEST NO. 2**

A copy of any and all Forms OP-I, OP-I (P), or OP-1(FF) or other Application for Operating Authority filed electronically or by any other means with any state or government agency.

**RESPONSE NO. 2**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a common carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 3**

A copy of any and all Forms MCSA-5889 or Form OCE-46 filed electronically or by any other means with any government agency.

**RESPONSE NO. 3**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request

on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 4

A copy of all Forms MCSA-1 or other forms filed electronically or by any other means with the FMCSA or any government agency under the Uniform Registration System for the 5 years before the Crash to present.

## RESPONSE NO. 4

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 5

A copy of your MCS- I 50, MCS-150B or MCS-150C forms filed electronically or by any other means with any government agency for the 5 years before the Crash to present.

**RESPONSE NO. 5**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 6**

A copy of all Forms BMC-85, BMC-91X, MCS-82, MCS-82B, MCS-90 or MCS- 90B forms filed electronically or by any other means with any government agency for the 5 years before the Crash to present.

**RESPONSE NO. 6**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the

application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 7

A copy of all Forms BOC-3 forms filed electronically or by any other means with any government agency for the 5 years before the Crash to present.

## RESPONSE NO. 7

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 8

A copy of any and all forms filed electronically or by any other means with any state or government agency that participates in a Performance and Registration Information Systems Management program authorized under The Transportation Equity Act for the 21st Century for the 5 years before the Crash to present.

## RESPONSE NO. 8

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope.  Defendant further objects to the extent this Request presumes or assumes it is a motor carrier or common carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 9**

Any documents relating to the agreements between and consideration for your company RASIER LLC, utilizing any other Defendants'  U.S. D.O.T. number or operating authority to deliver goods or passengers in interstate or intrastate  commerce  using  commercial  motor vehicles.

**RESPONSE NO. 9**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the

7

application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 10

For each person, such as MILO ST. JAQUES [sic], or any other entity, SUV or other transportation equipment involved in the Crash, provide a complete and certified copy of the declaration pages, policy forms, endorsements, amendments or other documents for any insurance policies that you, Uber or any other Defendant had in effect at the time of the Crash, whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, motor carrier, MCS-90 endorsement, umbrella, or excess coverage policies.

## RESPONSE NO. 10

Defendant objects to this Request as it calls for information protected by rights to privacy; seeks sensitive and/or confidential proprietary business information; seeks trade secret information; further it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant states that it has already produced the responsive documents pursuant to its Initial Disclosure.

## REQUEST NO. 11

Copies of all reservation of rights letters and/or agreements regarding any insurance coverage for the Crash.

## RESPONSE NO. 11

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not

sufficiently limited to time, place, or scope. Subject to and without waiving its objections, Defendant states: none.

**REQUEST NO. 12**

An organizational chart of your company, Uber, at the time MILO ST. JAQUES [sic], the Uber Driver was hired or contracted by you, Uber, at the time of the Crash and today.

**RESPONSE NO. 12**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation.

**REQUEST NO. 13**

All documents concerning the relationship between Uber and MILO ST. JAQUES [sic] and between Uber and SIMONE ABRAHA [sic].

**RESPONSE NO. 13**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the

9

grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant has already produced St. Jacques' Technology Services Agreement pursuant to its Initial Disclosure. Defendant has no responsive documents as to the codefendant Simone Abraham ("Abraham").

## REQUEST NO. 14

A list of all subsidiary, related, parent, wholly or partially owned entities of any named Defendant, RASIER LLC, RASIER (FL)LLC and/or UBER TECHNOLOGIES LLC [sic] in this case.

## RESPONSE NO. 14

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant objects to the extent this request calls for the creation of documents not already in existence.  Defendant further objects to this Request because "Rasier (FL), LLC" is not a defendant in this action. Subject to and without waiving its objections, Defendant states that Rasier, LLC is a wholly-owned subsidiary of Uber Technologies, Inc.

## REQUEST NO. 15

The Uber Driver, MILO ST. JAQUES's [sic] entire qualification file, including the files required to be kept pursuant to 49 C.F.R. §391.51 and all notes, records, and documents included in the Uber Driver's qualification file.

## RESPONSE NO. 15

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the term "qualification file" as vague and ambiguous. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to the extent this request presumes or assumes it is a motor carrier, which it is not. Subject to and without waiving its objections, Defendant states 49 C.F.R. §391.51 is inapplicable as Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Responding further, *see* St. Jacques' background check reports, already produced pursuant to Defendant's Initial Disclosure**.** Responding further, *see* documents submitted by St. Jacques when he signed up to utilize the driver version of the Uber App, attached hereto as **Exhibit A**, marked "Confidential" and subject to the Court's Protective Order dated June 19, 2020.

## REQUEST NO. 16

The Uber Driver, MILO ST. JAQUES' s [sic] record of duty status or driver daily logs and all documents or electronic data or information that provide date, time and/or location information to audit or verify those logs for one hundred eighty (180) days before the Crash of September 2nd, 20 17, the date of the Crash, and thirty (30) days after the Crash, including each and every version or draft of each daily log.

## RESPONSE NO. 16

11

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the term "daily log" as vague and ambiguous. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* St. Jacques' vehicle speed and GPS data dated September 2, 2017, attached hereto as **Exhibit B**, marked "Confidential" and subject to the Court's Protective Order dated June 19, 2020.

## REQUEST NO. 17

For the period beginning 30 days prior to the Crash of September 2,  2017,  and ending 48 hours after the Crash produce all of the following documents pertaining to the Uber  vehicle and MILO ST. JAQUES [sic], Uber Driver in your possession if not previously provided in response to another Request:

     (a)     dispatch records;
     (b)     mobile radio records;
     (c)     pre-rate records;
     (d)     wrecker or tow truck records;
     (e)     pick-up and delivery records;
     (f)     trip summaries;
     (g)     trip planning or route sheets;
     (h)     delivery manifests and bills of lading;
     (i)     personal or business credit card receipts;
     (j)     toll tickets;
     (k)     fuel receipts;
     (l)     weight tickets; (m)fuel tax records;

(n)     state entry and departure records;
(o)     expense sheets;
(p)     any inspections of the Uber vehicle by you RASIER LLC or by any state or federal D.O.T. personnel or law enforcement officer;
(q)     rental or lease contracts involving the Uber vehicle; and
(r)     seal records for the passengers transported by the Uber Driver, MILO ST. JAQUES, on September 2, 2017.

## RESPONSE NO. 17

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant specifically objects to the terms "Uber Driver" and "dispatch records" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the terms "Uber vehicle" and "inspections" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, *see* Incident Report Form, already produced pursuant to Defendant's Initial Disclosure. Responding further, *see* **Exhibit B**. Responding further, *see* St. Jacques' app status data for twenty-

four-hour period prior to the incident, attached hereto as **Exhibit C,** marked "Confidential" and subject to the Court's Protective Order dated June 19, 2020.

## REQUEST NO. 18

All documents concerning the employment or independent contractor relationship between MILO ST. JAQUES [sic] and Uber, including, but not limited to, any agreements between him and Uber.

## RESPONSE NO. 18

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* Technology Services Agreement, already produced pursuant to Defendant's Initial Disclosure**.**

## REQUEST NO. 19

All documents concerning or describing the relationship between Uber and Uber drivers.

## RESPONSE NO. 19

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber drivers" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers.

14

Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving its objections, Defendant states that it is a technology company that does not provide transportation services or employ independent transportation providers. Responding further, *see* Technology Services Agreement, already produced pursuant to Defendant's Initial Disclosure**.**

## REQUEST NO. 20

All documents concerning the protocols, procedures, guidelines, qualifications, and standards used by Uber when evaluating an application to become an Uber driver.

## RESPONSE NO. 20

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the terms "application" and "Uber driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving said objections, *see*  M.G.L. ch. 159A½ § 4. Responding further, *see* Technology Services Agreement, already produced pursuant to Defendant's Initial Disclosure**.**  Responding further, Defendant refers to Uber's Community Guidelines, which are applicable to both Drivers and Riders, the current version of which is publicly available here: https://www.uber.com/legal/en/document/?name=general-community-guidelines&country=united-states&lang=en

## REQUEST NO.21

All documents prepared or used by Uber concerning the standards, requirements, rules and guidelines that an Uber driver must meet and adhere to while operating as an Uber driver.

**RESPONSE NO. 21**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving said objections, *see* Response to No. 20.

**REQUEST NO. 22**

All documents concerning grounds for terminating an Uber driver.

**RESPONSE NO. 22**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the phrase "terminating an Uber driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving said objections, *see* Response No. 20.

**REQUEST NO. 23**

All Uber policies, procedures, rules, standards, codes of conduct, and requirements provided to Uber driver.

**RESPONSE NO. 23**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving said objections, *see* Response No. 20.

**REQUEST NO. 24**

Any documents relating to the Uber's Driver' s point of origin (where was MILO ST. JAQUES [sic] was coming from) and destination (where he was heading) at the time of the Crash, including all stops made or to be made that day, any deadlines or route scheduling sheets any route planning for the day of the Crash or September 2, 2017, plus names addresses and phone numbers of any and all passengers in the MILO ST. JAQUES [sic] vehicle.

**RESPONSE NO. 24**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to the extent this request seeks personal information of non-parties protected by state and federal law. Defendant additionally objects to this Request as it is not

17

sufficiently limited to time, place, or scope and seeks information about persons not relevant to this litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, *see* **Exhibit B**. Responding further, *see* Incident Report Form, already produced pursuant to Defendant's Initial Disclosure**.**

## REQUEST NO. 25

All forms, reports, checklists and other documents concerning the Crash, the people involved, the vehicles and/or pedestrians involved in the Crash, or investigations regarding the same.

## RESPONSE NO. 25

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving said objections, *see* **Exhibit B**. Responding further, *see* Incident Report Form, already produced pursuant to Defendant's Initial Disclosure**.**

## REQUEST NO. 26

Any and all accident and/or incident reports and investigations prepared by Uber as a result of the Crash, other than the police report.

**RESPONSE NO. 26**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving said objections, *see* Incident Report Form, already produced pursuant to Defendant's Initial Disclosure**.**

**REQUEST NO. 27**

Any photographs, movies, surveillance footage, security footage, and/or videotapes taken by anyone related to the Crash, that reflect the scene of the Crash, the vehicles involved or of any of the parties to this cause for the day of the Crash.

**RESPONSE NO. 27**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving said objections, *see* photos of St. Jacques' vehicle, attached hereto as **Exhibit D,** marked "Confidential" and subject to the Court's Protective Order dated June 19, 2020. As discovery is ongoing,

Defendant agrees to supplement this response as may be appropriate and in accordance with the
Federal Rules of Civil Procedure and applicable court orders.

## REQUEST NO. 28

A legible color image or copy of any drawings or diagrams that reflect the scene of the Crash,
the vehicles involved or any of the parties to this cause.

## RESPONSE NO. 28

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly
burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to
the discovery of admissible evidence. Defendant additionally objects to this Request as it is not
sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent
it seeks information protected by the attorney-client privilege and work product doctrine, and
documents otherwise prepared in anticipation of litigation.  Defendant further objects to the extent
this Request seeks the creation of documents not in existence. Subject to and without waiving its
objections, Defendant states: none.

## REQUEST NO. 29

A copy of the application and/or claims for benefits and/or claims for payments submitted for
personal injuries and/or property damage incurred by Uber's Driver, MILO ST. JAQUES [sic] or
any other person as a result of the Crash.

## RESPONSE NO. 29

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly
burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to
the discovery of admissible evidence. Defendant specifically objects to the term "Uber's Driver"
and to the extent this Request presupposes an employment or agency relationship between

20

Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies that any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 30**

All documents regarding any other litigation or claims, including, but not limited to, any workers' compensation or property damage or personal injury claims, arising out of the Crash.

**RESPONSE NO. 30**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, *see* Plaintiff's complaint filed in Duval County, Florida, attached hereto as **Exhibit E**.

**REQUEST NO. 31**

Any documents regarding any damages or losses suffered by any defendant as a result of the Crash, including property damage or money Uber had to pay for damage to the person or property of someone else.

**RESPONSE NO. 31**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 32**

Any statements, either written or recorded, made by the Plaintiff or any other Defendants, including but not limited to Uber's Driver, MILO ST. JAQUES [sic], pertaining to the Crash described in the Complaint.

**RESPONSE NO. 32**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies that any employment or agency relationship with any party in this litigation. Subject to and without waiving said objections, *see* electronic

22

communication between Defendant and St. Jacques, attached hereto as **Exhibit F**, marked "Confidential" and subject to the Court's Protective Order dated June 19, 2020.

## REQUEST NO. 33

Accident files, records, reports or any other documents of whatever nature relating to the Crash sent by, or on behalf of, any defendant or Defendants to any government agency.

## RESPONSE NO. 33

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states: none.

## REQUEST NO. 34

Color copies of photographs taken of the Plaintiff, any defendant, the Crash scene, or any persons or vehicles involved in the Crash that purport to show any injuries and/or damages.

## RESPONSE NO. 34

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving said

23

objections, Defendant states: none taken by Defendant. Responding further, photos of Plaintiff

provided by Plaintiff's counsel pre-suit and/or during the course of this litigation are already in the

possession of Plaintiff.


**REQUEST NO. 35**

Copies of all invoices or appraisals depicting property damage to any vehicle, equipment, cargo
or personal property involved in the Crash.

**RESPONSE NO. 35**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly

burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to

the discovery of admissible evidence. Defendant additionally objects to this Request as it is not

sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent

it seeks information protected by the attorney-client privilege and work product doctrine, and

documents otherwise prepared in anticipation of litigation. Subject to and without waiving its

objections, Defendant states: not applicable.

**REQUEST NO. 36**

Any photographs, movies, videotapes and/or surveillance that you intend to use in any deposition
taken in this cause, including any that reflect the scene of the Crash, the vehicles involved in the
Crash or of any of the parties to this cause.

**RESPONSE NO. 36**

Defendant objects to this Request on the grounds that it is overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague, and

not proportional to the needs of the case. Defendant further objects to this Request to the extent it

24

seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation, and seeks the mental impressions or legal theories of counsel. Subject to and without waiving its objections, Defendant states that it has not determined which, if any, documents it intends to use in the depositions of this matter. Defendant agrees to supplement this response as may be appropriate and in accordance with the Federal Rules of Civil Procedure and applicable court orders.  Defendant further reserves the right to use at deposition any document provided by any party in response to requests for production or provided in their initial disclosures.

## REQUEST NO. 37

Any photographs, movies, videotapes and/or surveillance that you intend to use at the trial of this cause, including any that reflect the Plaintiff, the scene of the Crash or the vehicles involved.

## RESPONSE NO. 37

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague, and not proportional to the needs of the case. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it has not determined which, if any, documents it intends to offer at the trial of this matter. Defendant agrees to supplement this response as may be appropriate and in accordance with the Federal Rules of Civil Procedure and applicable court orders.  Defendant further reserves the right to use at trial any document provided by any party in response to requests for production or provided in their initial disclosures.

25

**REQUEST NO. 38**

Any and all documents that set forth any facts leading up to the Crash.

**RESPONSE NO. 38**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving said objections, *see* **Exhibits B and C.** Responding further, *see* Incident Report Form, already produced pursuant to Defendant's Initial Disclosure**.** As discovery is ongoing, Defendant reserves the right to amend its response with any and all relevant facts which continuing discovery, investigation, examination, and cross-examination may reveal.

**REQUEST NO. 39**

Any and all documents that explain what caused the Crash.

**RESPONSE NO. 39**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and

documents otherwise prepared in anticipation of litigation. Subject to and without waiving said objections, *see* Response No. 38.

## REQUEST NO. 40

Any and all documents assessing preventability of and/or fault for the Crash.

## RESPONSE NO. 40

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, documents otherwise prepared in anticipation of litigation, and documents reflecting the mental impressions and theories of counsel. Subject to and without waiving said objections, *see* Response No. 38.

## REQUEST NO. 41

Any and all documents relating to any citations charged against you or your Driver, MILO ST. JAQUES [sic] as a result of the Crash.

## RESPONSE NO. 41

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "your Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is

not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies that any employment or agency relationship with any party in this litigation. Subject to and without waiving said objections, *see* police report, which is already in the possession of Plaintiff.

## REQUEST NO. 42

Any drawings, diagrams and exhibits prepared by you or other Defendants, their agents, attorneys, investigators or insurance carriers.

## RESPONSE NO. 42

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation.

## REQUEST NO. 43

Any exhibits prepared by you or the MILO ST. JAQUES [sic], Uber's Driver that you intend to use at the trial of this cause.

## RESPONSE NO. 43

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague, and not proportional to the needs of the case. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it has not determined which, if any, exhibits it intends to offer at the trial of this matter. Defendant agrees to supplement this response as may be appropriate and in accordance with the Federal Rules of Civil Procedure and applicable court orders.

## REQUEST NO. 44

A copy of the application and/or claims for benefits and/or claims for payments submitted by you or any defendant to any insurance company as a result of the Crash.

## RESPONSE NO. 44

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states: none.

## REQUEST NO. 45

Uber's mission statement for the five years preceding and the year of the Crash.

**RESPONSE NO. 45**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving its objections, Defendant refers to Uber's website, the current version of which is publicly available here: https://www.uber.com/us/en/about/

**REQUEST NO. 46**

Copies of all responses to public records requests received by you or any other Defendant regarding this Crash or any party or issue in this lawsuit.

**RESPONSE NO. 46**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation.

**REQUEST NO. 47**

Any and all documents relating to any and all medical treatment or advice sought by anyone as a result of the Crash.

**RESPONSE NO. 48**

30

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, *see* Plaintiff's letter dated September 20, 2017, attached hereto as **Exhibit G.** Further responding, none other than medical records provided by Plaintiff's counsel pre-suit and/or during the course of this litigation which are already in the possession of Plaintiff.

## REQUEST NO. 48

Your entire workers' compensation files for the Crash, if any.

## RESPONSE NO. 48

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states: not applicable because Defendant has no employment or agency relationship with any parties in this action.

## REQUEST NO. 49

Any and all documents regarding any appraisals of or estimates, repairs, or invoices of damage to the Uber Vehicle or vehicle driven by MILO ST. JAQUES [sic] or any items within, as a result of the Crash.

## RESPONSE NO. 49

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies that any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states: none.

## REQUEST NO. 50

All documents or notations relating to or proving that the Uber Driver, MILO ST. JAQUES [sic], was utilizing any electronic device, or cellphone or other communications device while driving on the date of the Crash.

## RESPONSE NO. 50

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or

scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states that it is not aware of, and has no access to, any electronic device, cellphone, or other communications device utilized by St. Jacques at the time of the incident. This Request is more appropriately directed at St. Jacques.

## REQUEST NO. 51

All documents or notations relating to or proving that any representative of Uber or any other person or entity sent to or attempted any electronic or other communications with the Uber Driver, MILO ST. JAQUES [sic], while he was driving on the date of the Crash.

## RESPONSE NO. 51

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to the phrase "sent to or attempted any electronic or other communications" as vague and ambiguous. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states that it is not aware of St. Jacques' communication with any person or entity at the time of the incident. This Request is more

33

appropriately directed at St. Jacques. To the extent that St. Jacques' vehicle speed and GPS data is applicable, *see* **Exhibit B**.

## REQUEST NO. 52

All documents or notations relating to or proving that the Uber Driver, MILO ST. JAQUES [sic] was utilizing any electronic device or cellphone or other communications device while driving at the time of the Crash or within 30 minutes before or after the Crash.

## RESPONSE NO. 52

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* Response No. 50.

## REQUEST NO. 53

All documents or notations relating to or proving that any representative of Uber or any other person or entity such as Uber sent to or attempted any electronic, device or cellphone or other communications with the Uber Driver, MILO ST. JAQUES [sic] at the time of the Crash or within 30 minutes before or after the Crash.

## RESPONSE NO. 53

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* Response No. 51.

## REQUEST NO. 54

Any and all documents showing the type, installation, location, usage, capabilities, and description of any electronic device or cellphone in or on the Uber Vehicle driven by MILO ST. JAQUES [sic] at the time of the Crash.

## RESPONSE NO. 54

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant

35

further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Subject to and without waiving its objections, Defendant states this Request is more appropriately directed at St. Jacques. To the extent that St. Jacques' vehicle speed and GPS data is applicable, *see* **Exhibit B**.

## REQUEST NO. 55

For each electronic device, or cellphone, if any data is available (whether or not downloaded or retrieved) color images or copies of any download, report, video, audio or other data that relates to the operation of the Uber for the thirty (30) days before, the September 2, 2017, date of the Crash and seven days after.

## RESPONSE NO. 55

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "the Uber" as vague and ambiguous. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without waiving its objections, *see* Response No. 54. Responding further, *see* **Exhibit C**.

## REQUEST NO. 56

Any and all records that show or relate to the type, model, make, serial  number, phone number, name of account holder, and service provider, of any electronic device capable of communicating with people or entities outside the Uber Vehicle on the date of the Crash.

## RESPONSE NO. 56

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant

specifically objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did

not and does not own any vehicles involved in the subject incident. Defendant additionally objects

to this Request as it is not sufficiently limited to time, place, or scope. Subject to and without

waiving its objections, Defendant states that it has no access to, any "electronic device capable of

communicating with people or entities outside" St. Jacques' vehicle. This Request is more

appropriately directed at St. Jacques.

## REQUEST NO. 57

For each communication capable electronic device or cellphone applicable to the preceding
request, all bills, invoices, reports or other documents showing any use of that electronic device
for the 30 days before, the date of the Crash and seven days after.

## RESPONSE NO. 57

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly

burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to

the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant

additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Subject

to and without waiving its objections, *see* Response No. 56.

## REQUEST NO. 58

Color copies or images of all information, data available from or downloaded from the
Electronic Control Module or any other electronic device or system for the Uber Vehicle being
operated MILO ST. JAQUES [sic] at the time of the Crash.

## RESPONSE NO. 58

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly

burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to

the discovery of admissible evidence. Defendant specifically objects to the term "Uber Vehicle"

37

as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Subject to and without waiving its objections, Defendant states that it is not aware of any electronic device or cellphone in or on St. Jacques' vehicle at the time of the incident. This Request is more appropriately directed at St. Jacques. To the extent that St. Jacques' vehicle speed and GPS data is applicable, *see* **Exhibit B**.

## REQUEST NO. 59

Copies of all e-mails, text or any other electronic communications between RASIER LLC and MILO ST. JAQUES [sic], Uber's Driver for the time period beginning 90 days prior to the Crash to present.

## RESPONSE NO. 59

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the case. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency

38

relationship with any party in this litigation. Subject to and without waiving its objections, *see*

**Exhibit F.**

**REQUEST NO. 60**

Copies of all communications and transmissions between you, RASIER LLC and the Uber Driver, MILO ST. JAQUES [sic] that were transmitted through any electronic device on-board of the Uber Vehicle involved in the Crash for the period beginning 30 days before the Crash and ending seven days after the Crash.

**RESPONSE NO. 60**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states that it has no access to any electronic device on-board of St. Jacques' vehicle at the time of the incident. This Request is more appropriately directed at St. Jacques. Responding further, *see* Response to No. 59.

**REQUEST NO. 61**

Dispatch records (written or electronic) indicating assignment of the Uber Vehicle to the Uber Driver, MILO ST. JAQUES and his instructions to pick up and deliver any passenger, the dates and times of pickup and delivery and any other factors related to deliveries made or to be made on the day of the Crash.

## RESPONSE NO. 61

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the term "dispatch" as vague and ambiguous, and assumes that Defendant is a motor or common carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, *see* **Exhibits B and C**.

## REQUEST NO. 62

Any Uber driver call-in records or other written or electronic records indicating communications between any Defendant and the Uber driver, MILO ST. JAQUES [sic] on the day of the Crash, including any reference to the movement of the Uber Vehicle and/or the driver on the day of the Crash.

## RESPONSE NO. 62

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* **Exhibits B and C**.

## REQUEST NO. 63

All blanket or specific permits applicable to the previous passengers being transported at the time of the Crash, the Uber Driver, or the vehicle or other transportation equipment being used at the time of the Crash.

## RESPONSE NO. 63

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "the Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to the extent this request assumes or presumes defendant is a common

carrier or motor carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 64**

Any and all documents not otherwise produced relating to or identifying each and every person or entity involved in any aspect of planning, logistics, negotiations, routing, scheduling, loading, unloading or delivering the load or Passengers being transported in the Uber Vehicle at the time of the Crash for the transportation cycle.

**RESPONSE NO. 64**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the case. Defendant objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident.  Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 65**

Any and all documents not otherwise produced relating to the entire transportation cycle for all passengers in the Uber Vehicle being driven by MILO ST. JAQUES [sic] at the time of the Crash, including from purchase of the items to delivery to the end consumers that were to receive

the deliveries, including motor carriers, drivers, brokers, logistics companies, and all other persons or entities involved.

## RESPONSE NO. 65

Defendant objects to this Request as overly broad, vague, ambiguous, unintelligible, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this request assumes or presumes Defendant is a motor carrier or common carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 66

Any and all documents not otherwise produced relating to all payments, consideration and monies owed, paid or received for any aspect of the entire transportation cycle for any and all passengers on the Uber Vehicle at the time of the Crash.

## RESPONSE NO. 66

Defendant objects to this Request as overly broad, vague, ambiguous, unintelligible, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and not proportional to the needs of the case. Defendant objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant further objects to the extent this request assumes or presumes Defendant is a motor carrier or common carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, Defendant states: not applicable.

**REQUEST NO. 67**

Any and all documents not otherwise produced relating to the delivery or receipt of the materials or goods or passengers hauled by the Uber Driver, MILO ST. JAQUES [sic] on the date of the Crash.

**RESPONSE NO. 67**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to the extent this request presumes or assumes Defendant is a motor

carrier or common carrier, which it is not.  Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application.   Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, Defendant states: not applicable.

## REQUEST NO. 68

All contracts, leases, or other written agreements between Uber and MILO ST. JAQUES [sic] in effect during the relevant time period, including those relating to the transportation of Passengers on the SUV at the time of the Crash.

## RESPONSE NO. 68

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its

objections, *see* Technology Services Agreement, already produced pursuant to Defendant's Initial

Disclosure.

## REQUEST NO. 69

Any and all communications regarding this Crash, your safety record, or your relationship, with
any employee, agent, attorney, expert, contractor or other representative of Uber.

## RESPONSE NO. 69

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly

burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to

the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant

additionally objects to this Request as it is not sufficiently limited to time, place, or scope.

Defendant further objects to this Request to the extent it seeks information protected by the

attorney-client privilege and work product doctrine, and documents otherwise prepared in

anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes

an employment or agency relationship between Defendant and St. Jacques. Defendant denies any

employment or agency relationship with any party in this litigation. Subject to and without waiving

its objections, *see* **Exhibit F.**

## REQUEST NO. 70

All documents that reflect, that MILO ST. JAQUES [sic], the Uber Driver worked for,
communicated with, drove for, transported passengers for, performed services for or was
otherwise affiliated with Uber or any subsidiary, related, parent, wholly or partially owned
entities of the Defendant.

## RESPONSE NO. 70

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly

burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to

the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant also objects to the terms "worked for," "drove for," "transported passengers for," and "performed services for" as vague and ambiguous as there is no employment or agency relationship between Defendant and St. Jacques. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it presumes there were passengers in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, *see* **Exhibits A, B, C, and F.** Responding further, Technology Services Agreement, background reports, and Incident Report Form have already been produced pursuant to Defendant's Initial Disclosure.

<div style="margin-left:50%">

Defendant
UBER TECHOLOGIES, INC.
By its attorneys,

/s/ Andrew R. Ferguson
_____
Christopher G. Betke, BBO# 552588
Andrew F. Ferguson, BBO# 649301
Lesley P. Chuang, BBO# 685698
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
aferguson@coughlinbetke.com
lchuang@coughlinbetke.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2020, I served a copy of the within document to all counsel of record.

Anthony Tarricone, Esq.
Joseph P. Musacchio, Esq,
Kreindler & Kreindler
855 Boylston Street
Boston, MA 02116

Eileen P. Kavanagh, Esq.
Amelia S. Confalone, Esq.
Litchfield Cavo LLP
Suite 200
6 Kimball Lane
Lynnfield, MA 01904

John B. DiSciullo, Esq.
Hannah E. Tavella, Esq.
Mitchell & DeSimone
101 Arch Street
10th Floor
Boston, MA 02110

/s/ Andrew R. Ferguson

Andrew R. Ferguson, Esq.