UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. ALBERT A. LOPEZ<br>*Plaintiff*<br><br>v.<br><br>MILO ST. JAQUES; SIMONE ABRAHAM;<br>RASIER, LLC; and<br>UBER TECHNOLOGIES, INC.<br>*Defendants* | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:20-cv-10183-IT<br>)<br>)<br>) November 20, 2020<br>)<br>)<br>) |

**DEFENDANT UBER TECHNOLOGIES, INC,'S
SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S REQUESTS FOR DOCUMENT PRODUCTION**

Pursuant to the L.R. 37.1 conference with Plaintiff Albert A. Lopez's ("Plaintiff"), Defendant Uber Technologies, Inc. ("Defendant" or "Uber") hereby supplements its responses to Plaintiff's Requests for Production of Documents.

**REQUEST NO. 2**

A copy of any and all Forms OP-I, OP-I (P), or OP-1(FF) or other Application for Operating Authority filed electronically or by any other means with any state or government agency.

**SUPPLEMENTAL RESPONSE NO. 2**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a common carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using

1

the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 3**

A copy of any and all Forms MCSA-5889 or Form OCE-46 filed electronically or by any other means with any government agency.

**SUPPLEMENTAL RESPONSE NO. 3**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 4**

A copy of all Forms MCSA-1 or other forms filed electronically or by any other means with the FMCSA or any government agency under the Uniform Registration System for the 5 years before the Crash to present.

**SUPPLEMENTAL RESPONSE NO. 4**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not

sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 5**

A copy of your MCS- I 50, MCS-150B or MCS-150C forms filed electronically or by any other means with any government agency for the 5 years before the Crash to present.

**SUPPLEMENTAL RESPONSE NO. 5**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not.  Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 6**

A copy of all Forms BMC-85, BMC-91X, MCS-82, MCS-82B, MCS-90 or MCS- 90B forms filed electronically or by any other means with any government agency for the 5 years before the Crash to present.

**SUPPLEMENTAL RESPONSE NO. 6**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 7**

A copy of all Forms BOC-3 forms filed electronically or by any other means with any government agency for the 5 years before the Crash to present.

**SUPPLEMENTAL RESPONSE NO. 7**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the

4

application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 8**

A copy of any and all forms filed electronically or by any other means with any state or government agency that participates in a Performance and Registration Information Systems Management program authorized under The Transportation Equity Act for the 21st Century for the 5 years before the Crash to present.

**SUPPLEMENTAL RESPONSE NO. 8**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier or common carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 9**

Any documents relating to the agreements between and consideration for your company RASIER LLC, utilizing any other Defendants' U.S. D.O.T. number or operating authority to deliver goods or passengers in interstate or intrastate commerce using commercial motor vehicles.

**SUPPLEMENTAL RESPONSE NO. 9**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request presumes or assumes it is a motor carrier, which it is not. Defendant further objects to this Request on the grounds that Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. As such, Defendant does not provide transportation services or employ independent transportation providers. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 12**

An organizational chart of your company, Uber, at the time MILO ST. JAQUES [sic], the Uber Driver was hired or contracted by you, Uber, at the time of the Crash and today.

**SUPPLEMENTAL RESPONSE NO. 12**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states that, at the time of the incident, St. Jacques was an independent contractor

pursuant to the Technology Services Agreement. Defendant has no other responsive documents as to St. Jacques.

**REQUEST NO. 24**

Any documents relating to the Uber's Driver' s point of origin (where was MILO ST. JAQUES [sic] was coming from) and destination (where he was heading) at the time of the Crash, including all stops made or to be made that day, any deadlines or route scheduling sheets any route planning for the day of the Crash or September 2, 2017, plus names addresses and phone numbers of any and all passengers in the MILO ST. JAQUES [sic] vehicle.

**SUPPLEMENTAL RESPONSE NO. 24**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to the extent this request seeks personal information of non-parties protected by state and federal law. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* **Exhibits B and C** containing GPS data that shows St. Jacques' whereabouts prior to, at the time of, and subsequent to the incident. Responding further, *see* Incident Report Form, already produced pursuant to Defendant's Initial Disclosure**.** Defendant has no responsive document as to any riders because there were none in St. Jacques' vehicle at the time of the incident.

**REQUEST NO. 29**

A copy of the application and/or claims for benefits and/or claims for payments submitted for personal injuries and/or property damage incurred by Uber's Driver, MILO ST. JAQUES [sic] or any other person as a result of the Crash.

**SUPPLEMENTAL RESPONSE NO. 29**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies that any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 31**

Any documents regarding any damages or losses suffered by any defendant as a result of the Crash, including property damage or money Uber had to pay for damage to the person or property of someone else.

**SUPPLEMENTAL RESPONSE NO. 31**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not

8

sufficiently limited to time, place, or scope. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 35**

Copies of all invoices or appraisals depicting property damage to any vehicle, equipment, cargo or personal property involved in the Crash.

**SUPPLEMENTAL RESPONSE NO. 35**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 42**

Any drawings, diagrams and exhibits prepared by you or other Defendants, their agents, attorneys, investigators or insurance carriers.

**SUPPLEMENTAL RESPONSE NO. 42**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 46**

Copies of all responses to public records requests received by you or any other Defendant regarding this Crash or any party or issue in this lawsuit.

**SUPPLEMENTAL RESPONSE NO. 46**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it has no responsive document. As discovery is ongoing, Defendant agrees to supplement this response as may be appropriate and in accordance with the Federal Rules of Civil Procedure ad applicable court orders.

**REQUEST NO. 48**

Your entire workers' compensation files for the Crash, if any.

**SUPPLEMENTAL RESPONSE NO. 48**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Subject to and without waiving its objections, Defendant states that it has no responsive document.

**REQUEST NO. 50**

All documents or notations relating to or proving that the Uber Driver, MILO ST. JAQUES [sic], was utilizing any electronic device, or cellphone or other communications device while driving on the date of the Crash.

**SUPPLEMENTAL RESPONSE NO. 50**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, Defendant states that it is not aware of, and has no access to, any electronic device, cellphone, or other communications device utilized by St. Jacques at the time of the incident. This Request is more appropriately directed at St. Jacques. Responding further, Defendant refers to St. Jacques' driver status and GPS according to the Uber App in **Exhibits B and C**. Defendant has no other responsive documents as to St. Jacques' cellphone or any other electronic device that may have been in his possession at the time of the incident.

**REQUEST NO. 56**

Any and all records that show or relate to the type, model, make, serial number, phone number, name of account holder, and service provider, of any electronic device capable of communicating with people or entities outside the Uber Vehicle on the date of the Crash.

**SUPPLEMENTAL RESPONSE NO. 56**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to

the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Subject to and without waiving its objections, Defendant states that it has no access to, any "electronic device capable of communicating with people or entities outside" St. Jacques' vehicle. This Request is more appropriately directed at St. Jacques. Responding further, Defendant has no responsive documents as to St. Jacques' cellphone or any other electronic device that may have been in his possession at the time of the incident.

**REQUEST NO. 58**

Color copies or images of all information, data available from or downloaded from the Electronic Control Module or any other electronic device or system for the Uber Vehicle being operated MILO ST. JAQUES [sic] at the time of the Crash.

**SUPPLEMENTAL RESPONSE NO. 58**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Defendant specifically objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine, and documents otherwise prepared in anticipation of litigation. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Subject to and without waiving its objections, Defendant states that it is not aware of any electronic device or cellphone in or on St. Jacques' vehicle at the time of the incident. This Request is more appropriately directed at St. Jacques. To the extent that St. Jacques' vehicle speed and GPS data is

applicable, *see* **Exhibit B**. Responding further, Defendant has no responsive documents as to any data from the Electronic Control Module or any other electronic device that may have been in St. Jacques' vehicle.

**REQUEST NO. 59**

Copies of all e-mails, text or any other electronic communications between RASIER LLC and MILO ST. JAQUES [sic], Uber's Driver for the time period beginning 90 days prior to the Crash to present.

**SUPPLEMENTAL RESPONSE NO. 59**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the case. Defendant specifically objects to the term "Uber's Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Subject to and without waiving its objections, *see* **Exhibit F.** Responding further, Defendant has no responsive emails, texts or other electronic communications specifically directed to St. Jacques on the date of the incident. Defendant further refers to its Response to Request No. 11 of Plaintiff's More Specified Request for the Production of Documents.

**REQUEST NO. 63**

All blanket or specific permits applicable to the previous passengers being transported at the time of the Crash, the Uber Driver, or the vehicle or other transportation equipment being used at the time of the Crash.

**SUPPLEMENTAL RESPONSE NO. 63**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant specifically objects to the term "the Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant additionally objects to the words "blanket or specific permits" as vague and ambiguous and calling for speculation. Defendant further objects to the extent this request assumes or presumes defendant is a common carrier or motor carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant further objects to the extent this request seeks personal information of non-parties protected by state and federal law. Subject to and without waiving its objections, Defendant states that there were no riders in St. Jacques' vehicle at the time of the incident and that it has no responsive document.

**REQUEST NO. 64**

Any and all documents not otherwise produced relating to or identifying each and every person or entity involved in any aspect of planning, logistics, negotiations, routing, scheduling, loading, unloading or delivering the load or Passengers being transported in the Uber Vehicle at the time of the Crash for the transportation cycle.

**SUPPLEMENTAL RESPONSE NO. 64**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the case. Defendant objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to the words

14

"transportation cycle" as vague and ambiguous. Defendant further objects to the extent this request seeks personal information of non-parties protected by state and federal law. Subject to and without waiving its objections, Defendant states that it has no responsive documents because there were no riders in St. Jacques' vehicle at the time of the incident.

**REQUEST NO. 65**

Any and all documents not otherwise produced relating to the entire transportation cycle for all passengers in the Uber Vehicle being driven by MILO ST. JAQUES [sic] at the time of the Crash, including from purchase of the items to delivery to the end consumers that were to receive the deliveries, including motor carriers, drivers, brokers, logistics companies, and all other persons or entities involved.

**SUPPLEMENTAL RESPONSE NO. 65**

Defendant objects to this Request as overly broad, vague, ambiguous, unintelligible, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to the words "entire transportation cycle" as vague and ambiguous and calling for speculation. Defendant further objects to the extent this request assumes or presumes Defendant is a motor carrier or common carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant further objects to this Request to the extent it presumes there were riders in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections,

Defendant states that it has no responsive documents because there were no riders in St. Jacques' vehicle at the time of the incident.

**REQUEST NO. 66**

Any and all documents not otherwise produced relating to all payments, consideration and monies owed, paid or received for any aspect of the entire transportation cycle for any and all passengers on the Uber Vehicle at the time of the Crash.

**SUPPLEMENTAL RESPONSE NO. 66**

Defendant objects to this Request as overly broad, vague, ambiguous, unintelligible, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence and not proportional to the needs of the case. Defendant objects to the term "Uber Vehicle" as vague and ambiguous, because Defendant did not and does not own any vehicles involved in the subject incident. Defendant additionally objects to the words "entire transportation cycle" as vague and ambiguous. Defendant further objects to the extent this request assumes or presumes Defendant is a motor carrier or common carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Subject to and without waiving its objections, Defendant states that it has no responsive documents because there were no riders in St. Jacques' vehicle at the time of the incident.

**REQUEST NO. 67**

Any and all documents not otherwise produced relating to the delivery or receipt of the materials or goods or passengers hauled by the Uber Driver, MILO ST. JAQUES [sic] on the date of the Crash.

**SUPPLEMENTAL RESPONSE NO. 67**

Defendant objects to this Request as overly broad, vague, ambiguous, and unduly burdensome and on the grounds that it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. Defendant further objects to the extent this request calls for the production of information containing personal and protective information of nonparties. Defendant specifically objects to the term "Uber Driver" and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers. Defendant further objects to the extent this request presumes or assumes Defendant is a motor carrier or common carrier, which it is not. Defendant is a technology company whose application enables riders to request transportation services from independent transportation providers who are also using the application. Defendant further objects to this Request on the grounds that it presumes an employment or agency relationship between Defendant and St. Jacques. Defendant denies any employment or agency relationship with any party in this litigation. Defendant further objects to this Request to the extent it presumes there were riders in St. Jacques' vehicle at the time of the incident, as there was none. Subject to and without waiving its objections, see **Exhibit C**.

    Defendant
    UBER TECHOLOGIES, INC.
    By its attorneys,

    /s/ Andrew R. Ferguson
    _____
    Christopher G. Betke, BBO# 552588
    Andrew F. Ferguson, BBO# 649301
    Lesley P. Chuang, BBO# 685698
    Coughlin Betke LLP
    175 Federal Street
    Boston, MA 02110
    (617) 988-8050
    cbetke@coughlinbetke.com
    aferguson@coughlinbetke.com
    lchuang@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2020, I served a copy of the within document to all counsel of record.

Anthony Tarricone, Esq.
Joseph P. Musacchio, Esq,
Kreindler & Kreindler
855 Boylston Street
Boston, MA 02116

Eileen P. Kavanagh, Esq.
Litchfield Cavo LLP
Suite 200
6 Kimball Lane
Lynnfield, MA 01904

John B. DiSciullo, Esq.
Hannah E. Tavella, Esq.
Mitchell & DeSimone
101 Arch Street
10th Floor
Boston, MA 02110

/s/ Andrew R. Ferguson

Andrew R. Ferguson, Esq.