UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. ALBERT A. LOPEZ | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-cv-10183-IT |
| | ) |
| MILO ST. JAQUES; SIMONE ABRAHAM; | ) |
| RASIER, LLC; and | ) November 20, 2020 |
| UBER TECHNOLOGIES, INC. | ) |
| *Defendants* | ) |

**DEFENDANT UBER TECHNOLOGIES, INC,'S RESPONSES TO PLAINTIFF'S
MORE SPECIFIED REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Defendant Uber Technologies, Inc. ("Defendant" or "Uber") hereby responds to Plaintiff

Albert A. Lopez's ("Plaintiff") More Specified Requests for the Production of Documents. The

objections and responses set forth herein are based upon information presently available and

Defendant reserves the right to supplement its responses.

Defendant reserves all objections to the admissibility of any information or documents

supplied herein until the trial in this matter. The fact that Defendant supplied the information

herein, and the fact that Defendant identified, referred to or provided any document herein, does

not constitute any admission by Defendant that such information or document is relevant,

material, admissible in evidence or reasonably calculated to lead to the discovery of admissible

evidence in this litigation. By responding to these requests, Defendant does not acknowledge or

concede the truth or accuracy of any characterization, allegation or statement made in the

responses. Defendant reserves the right to object to further inquiry with respect to the subject

1

matter of any request or document or the use of any information or documents contained herein for any purpose.

## GENERAL OBJECTION

Defendant objects to the definitions and instructions in Plaintiff's requests to the extent that they seek to impose obligations beyond those set forth by the Federal Rules of Civil Procedure. Defendant responds to these requests giving each term its usual, customary and ordinary meaning, and in accordance with the scope of discovery mandated by the Federal Rules of Civil Procedure.

## REQUEST NO. 1

All documents concerning Uber's and Raiser's right or authority to terminate a driver for violating Uber's quality standards.  (Uber and Raiser will hereinafter to be referred to collectively as "Uber").

## RESPONSE NO. 1

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrases "right or authority to terminate" and "Uber's quality standards" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and independent transportation providers ("drivers"). Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant states that it is a technology company whose application – the Uber App – enables riders to request transportation services from drivers who pay a service fee to receive trip leads in the driver version of the Uber App. As such, Defendant does not employ drivers. It may

deactivate or restrict their access to the driver version of the Uber App in accordance with the

Technology Services Agreement ("TSA"), which has been produced to Plaintiff. Defendant also

refers to the TSA addenda, attached hereto as **Exhibit 1**. Defendant further refers to Uber's

Community Guidelines, the current version is publicly available here:

https://www.uber.com/legal/en/document/?name=general-community-

guidelines&country=united-states&lang=en.

## REQUEST NO. 2

All documents concerning Uber's quality standards for drivers.

## RESPONSE NO. 2

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrase "quality standards for drivers" as vague and

ambiguous and to the extent this Request presupposes an employment or agency relationship

between Defendant and drivers. Defendant additionally objects to this Request as it is not

sufficiently limited to time, place, or scope. Defendant further objects to this Request on the

grounds that it is not proportional to the needs of the case. Subject to and without waiving its

objections, with respect to the defendant Milo St. Jacques ("St. Jacques"), Defendant refers to the

following documents already produced to Plaintiff: St. Jacques' background check reports,

documents submitted by St. Jacques when he signed up to utilize the driver version of the Uber

App, Technology Services Agreement, and Uber's Community Guidelines for all individuals

using its platforms. Defendant further refers to **Exhibit 1**.

## REQUEST NO. 3

All documents concerning Uber's method of collecting of fees from passengers and paying drivers for the transportation of passengers.

**RESPONSE NO. 3**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "method of collecting fees" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, specifically how it "collects fees from passengers" as there is no allegation pertaining to any passenger in Plaintiff's Complaint and it misconstrues Defendant's appointed role as "limited payment collection agent," an ancillary service for which it collects a service fee, as further outlined in Section 4 of the Technology Services Agreement and **Exhibit 1**.

**REQUEST NO. 4**

All documents concerning the questions asked during Uber's interview of applicants applying to become a driver.

**RESPONSE NO. 4**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope, and is vague and ambiguous. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant states that it has no employment or agency relationship with any driver and does not conduct interviews with drivers and drivers do not "apply." As such,

4

Defendant has no responsive documents. In good faith, please see the documents previously provided, specifically, St. Jacques' driver's license, registration, and insurance information, which he submitted when he signed-up to use the driver version of the Uber App.

**REQUEST NO. 5**

All documents concerning the test for city knowledge given to applicants seeking to become drivers.

**RESPONSE NO. 5**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "test for city knowledge" as vague and ambiguous. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant did not conduct or require city knowledge tests for drivers like St. Jacques who is not commercially licensed and insured and who does not receive commercial/UberBlack ride requests. Any such test is irrelevant and not proportional to the needs of the case.

**REQUEST NO. 6**

All documents concerning Uber's method and standards for deactivating a driver's account for failing to meet Uber's quality standards for drivers.

**RESPONSE NO. 6**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "Uber's quality standards" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently

5

limited to time, place, or scope. Defendant further objects to this Request on the grounds that it

seeks information that is not proportional to the needs of the case. Subject to and without

waiving its objections, Defendant refers to the Technology Services Agreement, **Exhibit 1**, and

Uber's Community Guidelines for all individuals using its platforms.

## REQUEST NO. 7

All documents concerning Uber's five-star rating system for drivers including, but not limited to,
suggestions or recommendations provided to drivers on how to achieve a high passenger rating.

## RESPONSE NO. 7

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrase "five-star rating system" as vague and ambiguous

and to the extent this Request presupposes an employment or agency relationship between

Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently

limited to time, place, or scope. Defendant further objects to this Request on the grounds that it

seeks information that is not proportional to the needs of the case. Subject to and without

waiving its objections, *see* **Exhibit 2**. Defendant further refers to Uber's Community Guidelines

for all individuals using its platforms.

## REQUEST NO. 8

All documents concerning Uber's metrics, factors, and method of evaluating a driver's passenger
rating.

## RESPONSE NO. 8

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrase "driver's passenger rating" as vague and ambiguous

Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or

scope. Defendant further objects to this Request on the grounds that it seeks information that is

not proportional to the needs of the case. Subject to and without waiving its objections,

Defendant refers to Section 2.5 of the Technology Services Agreement. Defendant further refers

to Uber's Community Guidelines for all individuals using its platforms. Defendant further

incorporates herein its Responses to Requests No. 1, 6 and 7.

## REQUEST NO. 9

All documents concerning Uber's standards and practices for deactivating a driver's use of the
Uber "app" based on his passenger ratings.

## RESPONSE NO. 9

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrase "Uber's standards and practices" as vague and

ambiguous and to the extent this Request presupposes an employment or agency relationship

between Defendant and drivers. Defendant additionally objects to this Request as it is not

sufficiently limited to time, place, or scope. Defendant further objects to this Request on the

grounds that it seeks information that is not proportional to the needs of the case. Subject to and

without waiving its objections, Defendant refers to Section 2.5 of the Technology Services

Agreement. Defendant further refers to Uber's Community Guidelines for all individuals using

its platforms. Defendant further incorporates its Responses to Requests No. 1, 6, 7 and 8.

## REQUEST NO. 10

All documents concerning Uber's practice and standards of permitting a driver to regain his use
of the Uber "app" after it has been deactivated.

## RESPONSE NO. 10

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "Uber's standards and practices" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant states: none other than the Technology Services Agreement and Uber's Community Guidelines for all individuals using its platforms.

**REQUEST NO. 11**

All documents and emails to drivers concerning how they may improve their passenger ratings.

**RESPONSE NO. 11**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "passenger ratings" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, *see* emails to St. Jacques, attached hereto as **Exhibit 2** to the extent responsive. Defendant further refers to Uber's Community Guidelines for all individuals using its platforms.

**REQUEST NO. 12**

All documents provided to drivers concerning how to increase business and passenger use including, but not limited to, upcoming concert, sporting events, and the like.

**RESPONSE NO. 12**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "passenger ratings" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case and there is no evidence or allegation that St. Jacques was driving to or from a "concert, sporting event, [or] the like." Subject to and without waiving its objections, *see* **Exhibit 2** to the extent responsive.

**REQUEST NO. 13**

All documents concerning Uber's promotional and marketing literature in which Uber compares itself to a traditional taxi service.

**RESPONSE NO. 13**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant has no responsive documents.

**REQUEST NO. 14**

All documents concerning the grounds for termination of a driver.

**RESPONSE NO. 14**

9

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "termination of a driver" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant refers to the Technology Services Agreement, **Exhibit 1**, and Uber's Community Guidelines for all individuals using its platforms. Defendant further incorporates herein its Responses to Requests No. 1, 6, 7, 8 and 9.

## REQUEST NO. 15

All documents concerning Uber's providing of suggestions, recommendations, requirements, or standards to drivers concerning the transportation of passengers including, but not limited to, vehicle cleanliness, driver appearance and attire, how to treat passengers, how to pick up passengers, how to assist passengers when exiting a vehicle, the acceptance of cash payments or tips, and the music played in the vehicle when transporting a passenger.

## RESPONSE NO. 15

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant refers to the Technology Services Agreement, **Exhibits 1 and 2**, and Uber's Community Guidelines to the extent responsive.

## REQUEST NO. 16

All training videos provided to drivers.

**RESPONSE NO. 16**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "training videos" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request seeks information available publicly and as such is equally available to Plaintiff. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant states that it has no employment or agency relationship with any driver and as such, it does not provide training to drivers. However, drivers may view publicly available online tutorial videos to learn how to use the Uber App if they wish. *See* https://vimeo.com/159830304.

**REQUEST NO. 17**

All documents concerning Uber's "Best Practices" program.

**RESPONSE NO. 17**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "Best Practices" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks

information that is not proportional to the needs of the case. Subject to and without waiving its

objections, Defendant states that it has no responsive document.

## REQUEST NO. 18

All documents concerning training courses provided to drivers or prospective drivers including, but not limited to, Uber's requirement for attending.

## RESPONSE NO. 18

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrase "training courses" as vague and ambiguous and to

the extent this Request presupposes an employment or agency relationship between Defendant

and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time,

place, or scope. Defendant further objects to this Request on the grounds that it seeks

information that is not proportional to the needs of the case. Subject to and without waiving its

objections, Defendant states that it does not train drivers and as such has no responsive

document. Further responding, *see* Response to Request No. 16.

## REQUEST NO. 19

All logos, badges, and brandings provided by Uber to drivers.

## RESPONSE NO. 19

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrase "logos, badges, and brandings" as vague and

ambiguous and to the extent this Request presupposes an employment or agency relationship

between Defendant and drivers. Defendant additionally objects to this Request as it is not

sufficiently limited to time, place, or scope. Defendant further objects to this Request on the

grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant states that, in accordance with Section 2 of M.G. L. 159A½, it provides a decal to drivers for display on their vehicles while they are logged into and online in the driver version of the Uber App. *See* sample decal, attached hereto as **Exhibit 3**.

## REQUEST NO. 20

All documents concerning Uber's method of evaluating driver performance based upon passenger feedback.

## RESPONSE NO. 20

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "method of evaluating driver performance" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant does not "evaluate performance" of drivers. Further responding, to the extent responsive, Defendant refers to the Technology Services Agreement, **Exhibit 1**, and Uber's Community Guidelines for all individuals using its platforms. *See also* Responses to Requests No. 1, 6, 7, 8 and 9.

## REQUEST NO.21

All documents describing Uber's method of calculating fees, rate of pay to drivers, Uber's percentage of the fares paid by passengers, and payment of an hourly rate to drivers.

## RESPONSE NO. 21

13

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrases "method of calculating fees, rate of pay to drivers, Uber's percentage of the fares paid by passengers, and payment of an hourly rate to drivers" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request seeks information that is proprietary. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant does not pay drivers, but rather drivers pay a service fee to Defendant for trip leads. Defendant refers to the Technology Services Agreement and **Exhibit 1**.

## REQUEST NO. 22

All advertisements or promotion materials used by Uber to solicit driver applications to become drivers.

## RESPONSE NO. 22

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "solicit driver applications" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to the extent this Request seeks information in the public realm that is equally available to Plaintiff. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the

case. Subject to and without waiving its objections, drivers do not "apply to become drivers" but rather sign-up to use the driver version of the Uber App, and therefore, Uber does not "solicit driver applications to become drivers." Further responding, *see* **Exhibit 2**. Defendant further refers to information maintained on its webpage, titled "Drive with Uber – Be Your Own Boss": https://www.uber.com/us/en/drive/?city=boston.

## REQUEST NO. 23

All documents concerning the "Uber Experience" provided to drivers and passengers.

## RESPONSE NO. 23

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrase "Uber Experience" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant has no responsive documents.

## REQUEST NO. 24

All documents concerning Uber's marketing to the public as "Everyone's Private Driver."

## RESPONSE NO. 24

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Defendant further objects to the extent this Request

15

seeks information available publicly and as such is equally available to Plaintiff. Subject to and

without waiving its objections, Defendant states that "Everyone's Private Driver" is a registered

trademark owned by Uber but which has not been used since at least August 2016. Uber had no

current use of the mark since August 2016 and no intent to resume use of the mark since that

time. Further responding, *see* https://vimeo.com/72916773.

**REQUEST NO. 25**

All documents explaining the Uber transportation system and devices to drivers and passengers.

**RESPONSE NO. 25**

    Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrases "transportation system and devices" as vague and

ambiguous and to the extent this Request presupposes an employment or agency relationship

between Defendant and drivers, presupposes that Uber is a transportation company, which it is

not, and presupposes that drivers are provided a device by Uber, which they are not. Defendant

additionally objects to this Request as it is not sufficiently limited to time, place, or scope.

Defendant further objects to this Request on the grounds that it seeks information that is not

proportional to the needs of the case, specifically "explaining the Uber transportation system and

devices to passengers" as there is no allegation pertaining to any passenger in the complaint.

Defendant further objects to this Request on the grounds that it seeks information that is not

proportional to the needs of the case. Subject to and without waiving its objections, to the extent

responsive and in good faith, Defendant refers to the Technology Services Agreement, Exhibit 1,

and Uber's Community Guidelines for all individuals using its platforms. Defendant also refers

16

to the tutorial video in Response to Request No. 16. Defendant further refers to its webpage for

riders: https://www.uber.com/us/en/ride/how-it-works/.

**REQUEST NO. 26**

All documents concerning Uber's hiring process.

**RESPONSE NO. 26**

Defendant objects to this Request because it is overly broad and unduly burdensome.

Defendant specifically objects to the phrases "hiring process" as vague and ambiguous and to the

extent this Request presupposes an employment or agency relationship between Defendant and

drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place,

or scope. Defendant further objects to this Request on the grounds that it seeks information that is

not proportional to the needs of the case. Subject to and without waiving its objections, Defendant

does not hire drivers like St. Jacques. Defendant states that it has no employment or agency

relationship with any driver. In good faith, drivers submit certain documents in order to sign up to

receive trip leads via the driver version of the Uber App, and consent to a background check.

Defendant refers to: St. Jacques' background check reports, documents submitted by St. Jacques

when he signed up to utilize the driver version of the Uber App, Technology Services Agreement,

**Exhibit 1** and Uber's Community Guidelines for all individuals using its platforms.

**REQUEST NO. 27**

The Transportation Provider Service Agreement in effect at the time of the crash and all
addendums to that agreement.

**RESPONSE NO. 27**

*See* Technology Services Agreement ("TSA"), already produced pursuant to its Initial Disclosure, and **Exhibit 1**.

## REQUEST NO. 28

All warnings provided to drivers for failing to follow proper protocols and quality standards for five years prior to the crash.

## RESPONSE NO. 28

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrases "warnings provided to drivers" and "proper protocols and quality standards" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally objects to this Request as it is not sufficiently limited to time, place, or scope or to Milo St. Jacques. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, to the extent responsive, Defendant refers to the Technology Services Agreement, and Uber's Community Guidelines for all individuals using its platforms. Defendant further refers to **Exhibits 1 and 2**.

## REQUEST NO. 29

All documents concerning Uber's process of warning drivers of a failure to meeting quality standards.

## RESPONSE NO. 29

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the phrases "warnings provided to drivers" and ""failure to meeting quality standards as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers. Defendant additionally

objects to this Request as it is not sufficiently limited to time, place, or scope or to Milo St. Jacques. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, to the extent responsive, Defendant refers to the Technology Services Agreement, and Uber's Community Guidelines for all individuals using its platforms. Defendant further refers to **Exhibits 1 and 2**.

**REQUEST NO. 30**

The Uber driver application used by Uber at the time of the crash.

**RESPONSE NO. 30**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant specifically objects to the term "Uber driver application" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers, and is vague and ambiguous as it is unclear if it is seeking information concerning the Uber App or a driver completing or submitting information in order to drive with Uber. Defendant objects to this Request as it seeks information that is proprietary and/or a trade secret to the extent it seeks information concerning the creation of the Uber App or any proprietary code associated with the Uber App. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant states that it has no responsive documents because it does not have in its possession the Uber App on St. Jacques' mobile phone at the time of the incident. Further responding, Uber refers to Response to Request No. 26, which sets forth the documents provided by St. Jacques.

**REQUEST NO. 31**

All documents concerning Uber's explanation to drivers of the insurance policy covering drivers while logged into the Uber "app", transporting a passenger, or on route to pick up a passenger.

**RESPONSE NO. 31**

Defendant objects to this Request because it is overly broad and unduly burdensome. Defendant objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Defendant objects to this request to the extent it is not an insurer and does not make any decisions regarding insurance coverage. Subject to and without waiving its objections, Defendant refers to the Technology Services Agreement and **Exhibit 1**. Defendant further refer to its webpage on driver insurance: https://www.uber.com/us/en/drive/insurance/.

**REQUEST NO. 32**

All documents concerning Milo St. Jacques [sic] breakdown of payments to him by Uber for his transportation of passengers on the day of the accident and the week prior to the accident.

**RESPONSE NO. 32**

Defendant objects to this Request as it is not sufficiently limited to time, place, or scope. Defendant specifically objects to the phrase "breakdown of payments to [St. Jacques] by Uber" as vague and ambiguous and to the extent this Request presupposes an employment or agency relationship between Defendant and drivers.  Defendant further objects as to relevance given that there was no rider in St. Jacques vehicle at the time of the alleged incident. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, Defendant did not pay St. Jacques rather St. Jacques paid Defendant a service fee for trip leads. Further responding,

20

Defendant states that St. Jacques had no rider in his vehicle at the time of the incident. Further

responding, *see* **Exhibit 4**.

Defendant
UBER TECHOLOGIES, INC.
By its attorneys,

/s/ Andrew R. Ferguson

Christopher G. Betke, BBO# 552588
Andrew F. Ferguson, BBO# 649301
Lesley P. Chuang, BBO# 685698
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
aferguson@coughlinbetke.com
lchuang@coughlinbetke.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 20th day of November 2020, I served a copy of the within document to all counsel of record.

Anthony Tarricone, Esq.
Joseph P. Musacchio, Esq,
Kreindler & Kreindler
855 Boylston Street
Boston, MA 02116

Eileen P. Kavanagh, Esq.
Litchfield Cavo LLP
Suite 200
6 Kimball Lane
Lynnfield, MA 01904

John B. DiSciullo, Esq.
Hannah E. Tavella, Esq.
Mitchell & DeSimone
101 Arch Street
10th Floor
Boston, MA 02110

/s/ Andrew R. Ferguson

_____

Andrew R. Ferguson, Esq.