UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALBERT A. LOPEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-10183-IT |
| | * | |
| MILO ST. JACQUES, SIMONE | * | |
| ABRAHAM, RASIER, LLC, and UBER | * | |
| TECHNOLOGIES, INC., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 17, 2021

TALWANI, D.J.

In this litigation, Plaintiff Albert Lopez alleges that on September 2, 2017, while he was a pedestrian, Defendant Milo St. Jacques, an Uber driver, hit him with a car and caused him personal injuries. Lopez asserted two counts against Defendant Simone Abraham, one for negligent entrustment of the car (Count V) and one for vicarious liability (Count VI). Compl. ¶¶ 36-45 [#1-1]. Abraham moved for summary judgment as to both counts, Mot. for Summ. J. [#70], and Lopez agreed to dismiss the negligent entrustment count, Pl.'s Opp. 1 [#80]. At a hearing on the motion, the court GRANTED the unopposed motion as to Count V, leaving only the issue of Abraham's vicarious liability for St. Jacques' alleged negligence. For the following reasons, Abraham's motion is DENIED as to Count VI.

## I.      Factual Background

The relevant undisputed facts are as follows.[1] Abraham was St. Jacques' wife at all times

relevant and was the registered owner of the car that St. Jacques was driving. Statement of

Undisputed Facts ¶¶ 1-3, 6, 14 [#72].

During St. Jacques' deposition, he stated the following regarding the car:

Q.      Let's talk about your car. Back on September 2, 2017, what car were you driving?
A.      I was driving my Honda Pilot, 2014.
Q.      And who's that car registered to?
A.      To my wife, Simone Abraham.
Q.      And it is registered in your name?
A.      It's registered to my wife['s] name. That's her car, but I use it to do Uber.
        Technically I call it my car.
        . . .
Q.      What kind of car do you drive?
A.      I drive that—we use two cars. I drive any of them. The same thing, my wife
        drives any of them.

St. Jacques' Depo. 59 [#72-2].

## II.     Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

when "the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under

the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st

Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving

party. Anderson, 477 U.S. at 248.

---

[1] Lopez did not file a statement of disputed facts or any objections to Abraham's Statement of
Undisputed Facts [#72]. The court treats those facts as undisputed. See L.R. 56.1.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 331.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Id. at 314. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of [the] pleadings." Anderson, 477 U.S. at 256. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

## III.    Discussion

Lopez claims that Abraham is vicariously liable for Lopez's alleged negligence "based on a master-servant relationship." Pl.'s Opp. 1 [#80]. The doctrine of *respondeat superior* is the

"proposition that an employer, or master, should be held vicariously liable for the torts of its employee, or servant, committed within the scope of employment." Dias v. Brigham Med. Assocs., Inc., 438 Mass. 317, 319–20, 780 N.E.2d 447 (2002). To establish *respondeat superior*, a plaintiff must prove that (1) a master-servant relationship existed at the time of the incident in question and (2) the servant's conduct was within the scope of his employment. Id. at 321-22. Whether a master-servant relationship exists is fact dependent. Id. at 322.

A Massachusetts statute creates a presumption of such a relationship in car accident cases:

> [i]n all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.

Mass. Gen. Laws ch. 231, § 85A. Functionally, the statute creates a presumption that a car's driver was the owner's agent at the time of an accident and that the driver's negligence can be imputed to the owner. Thompson v. Auto Credit Rehabilitation Corp., 56 Mass. App. Ct. 1, 5-6, 775 N.E.2d 414 (2002). "The statute does not change the substantive law of negligence. It simply states a rule of evidence." Cheek v. Econo-Car Rental Sys. of Bos., Inc., 393 Mass. 660, 662, 473 N.E.2d 659 (1985). Accordingly, the presumption may be rebutted by other evidence demonstrating the absence of an agency relationship. Id. at 662-63.

The only evidence submitted by Abraham in support of her Motion for Summary Judgment [#70] is (1) a copy of Lopez's complaint, Ex. A—Compl. [#72-1]; (2) the police incident report, Ex. B—Incident Report 1-7 [#72-2]; and (3) St. Jacques' deposition transcript, Ex. B—St. Jacques' Depo. 25-262 [#72-2]. She argues that *Lopez* has failed to produce any

4

evidence of an agency relationship. Def.'s Mem. 16 [#71]. That argument misapprehends the statutory requirement, which places the burden of proof on Abraham as the vehicle's owner.

Abraham has not adduced evidence sufficient to rebut the statutory presumption that St. Jacques was her agent. St. Jacques' deposition testimony suggests that he and Abraham used their two cars interchangeably. It does not establish an absence of Abraham's responsibility for St. Jacques use of the car registered in her name. And the fact that St. Jacques was working at the time of the accident is no more helpful to Abraham: even if St. Jacques was Uber's agent, that does not mean that he could not also have been Abraham's agent.

Because Abraham has failed to meet her burden under the statute, summary judgment is unwarranted. See Covell v. Olsen, 65 Mass. App. Ct. 359, 364, 840 N.E.2d 555 (2006) (holding that because statute shifted burden of proof to registered owner, defendant could not prevail on summary judgment "merely by arguing that the record contain[ed] no evidence of her control"; rather, defendant was required to "affirmatively eliminate any genuine issue of material fact regarding her power to control [the driver's] conduct").

**IV.    Conclusion**

Abraham's Motion for Summary Judgment [#70] is DENIED as to Count VI.

IT IS SO ORDERED.

November 17, 2021                                       /s/ Indira Talwani
                                                        United States District Judge